**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4384**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WIL KARIM MCARTHUR,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:09-cr-00183-JAB-1)

———————————

Submitted: February 23, 2011      Decided: March 21, 2011

———————————

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Amy Lee Copeland, AMY LEE COPELAND, LLC, Savannah, Georgia, for Appellant. Graham Tod Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wil Karim McArthur pled guilty to nine counts of interference with interstate commerce by threats of violence, in violation of 18 U.S.C. § 1951 (2006), and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006). The district court sentenced McArthur to a 174-month sentence, composed of nine concurrent 90-month sentences on the robbery counts and a single mandatory minimum consecutive 84-month sentence for brandishing a firearm. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal but questioning the adequacy of the district court's explanation for the selected sentence. McArthur was advised of his right to file a pro se supplemental brief, but he has not done so. Finding no reversible error, we affirm.

Appellate review of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments

2

presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). We may presume a sentence imposed within the properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

The district court properly calculated the advisory Guidelines range, afforded counsel an opportunity to argue regarding an appropriate sentence, afforded McArthur an opportunity to allocute, and considered the relevant § 3553(a) factors. The district court, however, did not sufficiently explain its rationale for imposing McArthur's particular sentence. Although the district court committed error that was plain, see Lynn, 592 F.3d at 577 (stating standard of review), we conclude that the error did not affect McArthur's substantial rights. The district court sentenced McArthur, as requested, to the low end of the properly calculated Guidelines range. See id. at 580. With regard to the substantive reasonableness of McArthur's sentence, McArthur has failed to rebut the presumption that his within-Guidelines sentence is reasonable. See Allen, 491 F.3d at 193.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McArthur, in writing, of the right to petition the Supreme Court of the United States for further review. If McArthur requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McArthur. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>